[Civ. No. 880. First Appellate District.—January 22, 1912.]

GUY HINTON, Petitioner, Appellant, v. GEORGE H. BAHRS, CHARLES M. LEAVY, and FRANK C. MAC-DONALD, Civil Service Commissioners of the City and County of San Francisco, Respondents.

SAN FRANCISCO CHARTER—CLASSIFICATION OF CLERICAL SERVICE—DUTIES OF OFFICE—IMPROPER BASIS OF SALARIES—RESCISSION—MANDAMUS. The charter of the city and county of San Francisco requires the clerical service thereof to be based upon the duties to be performed by the clerks as classified by departments, and a classification by salaries is unauthorized by the charter. Where the municipal civil service commission had made an improper classification of the clerical service, by salaries, they were justified in rescinding the same and restoring a former classification as author-

ized by the charter; and a writ of mandate will not lie to compel the commissioners to restore the list of eligibles based upon an examination held under the classification by salaries.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Guy Hinton, Appellant, *in propria persona*.

Percy V. Long, City Attorney, and John F. English, Assistant City Attorney, for Respondents.

KERRIGAN, J.—This is an appeal from a judgment in favor of respondents entered upon an order sustaining a general demurrer to the second amended petition for a writ of mandate.

The petition alleges: "That on June 9, 1908, the said commission created 'Class XXII. Clerks (Class b)' within 'Division A.—Clerical service,' of the classification of the civil service of said city and county. That subsequently, on March 30, 1909, said commission changed the designation of said class to 'Class IV—Clerks (Class b).' On said March 30 said commission for the first time defined said class as follows: 'Resolved, that all permanent positions as timekeepers, storekeepers, tabulators, filing clerks, and other positions having similar duties, and all permanent clerkships carrying salaries of $1,440 per annum, or less, be and are hereby classified under the designation 'Clerks (Class B).' And further 'That applicants who qualify in this examination be eligible only for appointment to permanent positions carrying salaries of $1,440 or less.' That prior to said March 30, 1909, there had been created by said civil service commission certain classes of experienced clerks in the classified civil service of said city and county of San Francisco, to wit: Experienced clerks, auditor's office; experienced clerks, board of public works; experienced clerks, board of health; and experienced clerks, tax collector's office. That on said March 30, 1909, the said civil service commission did strike from said classified civil service list said classes of experienced clerks, auditor's office, experienced

clerks, board of public works, and experienced clerks, board of health. And further said civil service commission did, on said March 30, pass a resolution to the effect that an examination for applicants for positions as clerks, class B, would be held on April 24, 1909.

"That said commission made rules to carry out the purposes of Article XIII of the charter of said city and county and in particular for examinations to be held thereunder; that thereafter, on the twenty-fourth day of April, 1909, it gave an examination for 'Clerks, Class B' under the above-mentioned classification . . . ," resulting in the making up of a list of eligibles for· this class, which included the name of the petitioner with many others, all of whom successfully passed the examination.

Subsequently on March 7, 1910, this classification "Clerks (Class B)" was abolished by the commission, the resolution in that regard reading: "Whereas, the classification 'Clerks (Class B)' and 'Clerks (Class C)' have been made to depend upon considerations of salary, and Whereas, the Charter requires that classifications shall be based upon examination, such examinations to be practical; therefore be it resolved, that the following classifications of 'Division A—Clerical Service' of the Classification of the classified civil service of San Francisco be and hereby are abolished: Class IV. Clerks (Class B.) . . . " And on the same day the commissioners restored the above-described classes of experienced clerks, and added a new class, to wit, "Experienced Clerks, Department of Electricity," and the class designated experienced clerks, tax collector's office, which had never been disturbed, was retained.

Since shortly after the adoption of the charter there has been in the classified civil service of San Francisco a general class designated as division A—clerical service, from which class appointments have been made by the different officers, under the civil service regulations of the charter, whenever employees of the character included in said class were required. Appointments to permanent positions have always been made from classes known as experienced clerks, and temporary places have been filled from· the class known as ordinary clerks.

The respondents were warranted in their action of March 7, 1910, when they rescinded the resolution of March 30, 1909, abolishing the classification according to salaries and restoring the former classification based on duties to be performed. No doubt the efficiency of the different departments of the city and county government of San Francisco will be best promoted when applicants for employment are examined not with regard to their qualifications generally, but with regard to their aptitude to fill particular positions. The duties to be performed in the different departments are quite dissimilar. In the department of the board of health, for example, a clerk should be informed on health ordinances and regulations, with regard to such matters as the abatement of nuisances, restrictions as to contagious diseases and regulations as to sanitation. In the office of the board of public works, on the other hand, he might be required to know the numerous charter and ordinance provisions relative to sewers and street work, building regulations and the like, while in the tax collector's office, or any other department of the municipal government, the duties involved might require knowledge and experience of an entirely different character. It was for this reason, it is safe to say, that the charter provides that the civil service examinations "shall be practical in their character, and shall relate to the duties of the position" (charter of the city and county of San Francisco, article XIII, secs. 2 and 4). Section 10 of the same article also clearly contemplates that clerks shall be classified by departments, for in providing that the civil service commission shall fill vacancies by promotion it reads that an examination therefor "shall be competitive among such members of the next lower rank established by the Commission for each department."

The brief filed by *amicus curiae,* like those filed by the appellant, is interesting and instructive; but we do not feel that we would be warranted in passing upon the principal points discussed in the former, they not being involved in this case.

From what has been said it appears plain that the classification of March 30, 1909, as to salaries was not in accordance with the provisions of the charter, and that therefore the commission properly abandoned it, and cannot be compelled by writ of mandate to restore the list of eligibles based upon

an examination held under said classification of March 30, 1909.

The judgment appealed from is affirmed.

Hall, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 25, 1912.

Beatty, C. J., dissented from the order denying a rehearing in the supreme court, and filed the following opinion on March 25, 1912:

BEATTY, C. J.—I dissent from the order denying a rehearing of this cause. The question presented for decision is not which system of classification of eligibles for employment in the clerical service of San Francisco is the better, but is whether the resolution of June 9, 1908, establishing "class B" was a valid exercise of the discretion of the commissioners. If it was, the petitioner, upon being enrolled in that class after successfully passing the prescribed examination, acquired a vested right, of which he could not be deprived short of two years, to be recommended in his turn for employment in any clerical position under the municipal government the annual salary of which was not in excess of $1,440. I can see no reason for denying the power of the commissioners to establish the class, and while it was undoubtedly the right of their successors, or of themselves to rearrange the classification, they could not in that way deprive the petitioner and other eligibles of their right during the two year term. As to them the change could not take effect until that time had elapsed. (Charter, art. XIII, sec. 10.) It is, however, the misfortune of petitioner that this view, even if it had prevailed, would have afforded no relief, since his two year term had expired before a decision here could have been reached and the new and equally valid regulation has now displaced the resolution of 1908.