No. 15,743.

VIVIAN, GOVERNOR ET AL. *v.* BLOOM ET AL.
(177 P. [2d] 541)

Decided January 14, 1947. Rehearing denied February 10, 1947.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. CLARENCE L. BARTHOLIC,

Assistant, Mr. GEORGE K. THOMAS, Assistant, Mr. CHARLES F. CORY, Assistant, for plaintiffs in error.

Mr. W. W. GRANT, Mr. MORRISON SHAFROTH, Mr. MAX P. ZALL, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

THIS action was brought in behalf of three plaintiffs who occupy positions in the classified civil service, the claims of each involving a different factual situation and requiring the interpretation of different provisions of our civil service law. The trial court found in favor of each plaintiff. No factual or procedural question is here raised. In addition to prayer for separate relief to each of the plaintiffs for the amount of additional accrued compensation to which he believed himself entitled, each complainant asks that the court find and declare the rights, duties, and obligations of the parties particularly in the following respects:

(a) Whether or not the Governor, the General Assembly or either of them has any right, power or duty to fix, approve, or disapprove salaries for persons within the classified civil service?

(b) Whether the General Assembly has authority to classify state employees within the classified service and to discriminate with regard to their salaries so that persons performing the same or similar duties are unequally paid?

(c) Whether or not the State Treasurer shall pay the salaries within the classified civil service as fixed by the Civil Service Commission, or as determined by the Governor, or by the General Assembly?

(d) Whether salaries, by whomsoever fixed, which compensate like service unequally, are valid?

Plaintiffs by their prayer further seek declaration with regard to payment of salaries in the event the Assembly does not appropriate sufficient funds for any department. A fifth question raised by the pleadings has been eliminated as involving the rights of a fourth plaintiff below, against whom adverse judgment was entered, of which no review has here been sought.

In response to the request for declaratory judgment, the trial court determined as follows:

"1. That only the Civil Service Commission, under and by virtue of Article XII, Section 13 of the Constitution of the State of Colorado, has the right, power and duty to fix, approve or disapprove salaries for persons within the classified Civil Service of the State of Colorado, and that neither the Governor, nor the General Assembly have any such right.

"2. That the General Assembly has no right to classify employees within the classified Civil Service, and that the right and duty to classify is vested exclusively in the Civil Service Commission.

"3. That the State Treasurer shall pay the salaries of persons within the classified Civil Service, as fixed by the Civil Service Commission, without reference to approval of the Governor.

"4. That in the event the General Assembly does not appropriate sufficient funds for the account of any department in the State Government to pay the salaries of all of the employees in said department as fixed by the Civil Service Commission, said salaries so fixed shall nevertheless be paid to the number of employees for whom funds are available, junior employees in the same classification being dropped from the service in the reverse order of their employment in compliance with Civil Service Commission Rules, and when it becomes necessary to lay off an employee for lack of funds or work, the person last appointed in the same classification should be first suspended."

Consonant with said declaration of legal rights, the trial court further held void, as in contravention of article XII, section 13 of the Colorado Constitution, chapter 2, S.L. 1941, being the Administrative Code, "to the extent that it requires the approval of the * * * Governor to the payment by defendant State Treasurer of salaries payable to plaintiffs," or permits or requires the fixing of salaries for positions in the classified civil service by the Assembly, the Governor, or the heads of any departments. It also held void the appropriation statute, chapter 27, S.L. 1945, to the extent that the line appropriations therein covering the positions occupied by plaintiffs differ from the salaries fixed for such positions under the compensation plan of the Civil Service Commission, as well as chapter 156, S.L. 1931, to the extent that it attempts to vary or change the compensation of plaintiffs from that fixed by the compensation plan of the Commission. Finally the court entered judgment in behalf of plaintiffs for the full additional amounts of salaries as fixed by the Commission in its compensation plan above the amount theretofore received by them. In behalf of the Governor and the State Treasurer a review of said decree is here sought.

Proper determination of the issues, both as to the judgment entered for plaintiffs and as to the declaration of legal rights made by the trial court, depend upon interpretation of the Civil Service Amendment, being article XII, section 13 of our Constitution. We shall first consider such interpretation and in so doing shall refer to that provision of the Constitution as the amendment, to the Civil Service Commission as the Commission, and to the General Assembly as the Assembly.

Except as restricted by the amendment or other constitutional limitation, the legislature has full authority over the compensation to be paid state employees. Except as to such limitation, the power of the Assembly is plenary. *Van Kleeck v. Ramer,* 62 Colo. 4, 156 Pac. 1108. Contra, the Commission is a body of special and

limited jurisdiction with no powers except such as the laws of its creation have given it. *Conover v. Board of Equalization,* 44 Cal. App. 283, 112 P. (2d) 341. "Sec. 1 of art. V of the constitution says: 'The legislative power shall be vested in the general assembly, which shall consist of a senate and house of representatives, both to be elected by the people.' This is a clear and unrestricted grant of the broadest legislative powers to the general assembly. By this declaration every power capable of being delegated to the legislature in the matter of the enactment of laws is conferred upon it * * *." *Schwartz v. People,* 46 Colo. 239, 104 Pac. 92. "The commission cannot exercise any power that is not expressly conferred by the power that created it, and cannot assume an enlarged power by making its own rules." *Bratton v. Dice,* 93 Colo. 593, 27 P. (2d) 1028. "Except in so far as it may be precluded by constitutional provisions, the legislature may fix the compensation of public officers, such power being inherent in its general legislative power, * * *." 46 C.J. 1018, §249. Unless by specific provision or necessary implication, the power formerly vested in the Assembly has been transferred to the Commission by the amendment, it still remains in the Assembly. The amendment specifically sets out in its fourth paragraph the powers of the Commission, to wit: "The making and enforcement of rules to carry out the purposes of this amendment and of the laws enacted in pursuance hereof, the alteration and rescission of such rules, the conduct of all competitive tests, the determination of all removal or disciplinary cases, the standardization of all positions, the determination of the grades of all positions in the classified service shall be vested in the commission." Under the provision of the first paragraph, that appointees shall be qualified electors, except as to positions held by the Commission to require special training and technical qualification, by necessary implication the Commission has authority also to determine what offices or positions so require. There

is no express or implied provision transferring to the Commission authority to fix salaries. The only reference to compensation is contained in the declaration of the third paragraph that, "Persons in the classified service shall hold their respective positions during efficient service and shall be graded and compensated according to standards of efficient service which shall be the same for all persons having like duties." No suggestion is therein contained that either the grading or compensation shall be made by the Commission, but in the fourth paragraph the authority to standardize and grade is specifically given to the Commission. The specific declaration of the one indicates the exclusion of the other.

■ It is insistently urged that power to classify carries with it by necessary implication the power to fix compensation. In this contention we cannot concur. Elsewhere, systems are set up with like division of authority. *Matter of Ryan v. Kaplan,* 213 App. Div. (N. Y.) 131. Salary is an incident to office; not a standard. It is a result, and not a cause, of employment.

"The duties and responsibilities of the positions may be, and commonly are, made the bases of classification. The usual inclination to classify positions with respect to duties receives a good deal of support from the common requirement that examinations be practical in nature. The differences in the responsibilities of two positions may be used as the basis for a distinction in class that may reflect a difference in compensation.

■ "It has been held that a specific command that classification into grades shall be based on compensation does not override a general statement that classes are to be based on the nature of the duties." Field, Civil Service Law, p. 55.

In California, under a charter provision requiring that civil service examinations shall be practical in their character and shall relate to the duties of the position (of like import with our provision for grading according to standards of efficient service), it was held that clas-

sification according to salaries was not in accordance with the charter and that classification was properly to be based instead on duties to be performed. *Hinton v. Bahrs,* 18 Cal. App. 53, 122 Pac. 80.

We are constrained to conclude that the power to fix compensation within the classified service still abides in the Assembly. The Assembly has the burden of determining and providing for the amount of revenue to be made available for payment of salaries and is immediately responsible to the people's will therein, so it seems not improper that it should retain ultimate control of its ancient prerogative.

■ But the authority to fix compensation confers no control as to classification. Authority to classify all employment inside the classified service is plainly and specifically vested by the amendment in the Commission. Such classification, as there provided for, means other than a list of names of positions with salaries appendant. The Commission is required to standardize. This can only mean to set up standards by means of which classes and grades of employment can be distinguished; standards by which competitive tests can be prepared and graded; standards by which the fair and relative compensation for different classes and grades can be determined. Such standards might well include many or all such elements as definition of position, typical tasks, minimum qualifications of experience and education, knowledge and abilities, personal characteristics and physical standards indicated, and responsibilities of the position, which together, in the judgment of the Commission, present a clear concept of the nature and duties of each class and grade.

"* * * The civil service commissioners were called upon to prescribe rules for the classification of the offices, places and employments, but not the salaries, in the classified service. Those rules had in view the establishment of positions with relation to each other, so that it might be known what examination was to be required

for each position and what should constitute a promotion from one position to another so as to require a new examination. * * * The Legislature had in view not the salary to be paid to any man, but the duties which he was called upon to perform in respect of which his examination was to be had and the position to which he was to be appointed, which must in name correspond with and describe the duties he was to do, and as to which his examination was had. The matter of the salary was something which had nothing whatever to do with the naming of the position or the examination necessary to obtain it." *People ex rel. Ludholz v. Knox*, 58 App. Div. (N. Y.) 541.

██ Furthermore, while authority of the Assembly to fix compensation has not been transferred by the amendment from the Assembly to the Commission, its authority has been limited thereby. Under the amendment the Assembly can no longer fix the salary of an individual employee, but only of the salary of each class and grade as established by the Commission, and the performance of its obligation so to fix salaries is necessary for the proper establishment of civil service in Colorado in accordance with the amendment. Thus equal salaries for all persons having like classification are assured.

██ ██ In the fixing of salaries the Assembly has the power of delegation of its authority. *Arnett v. State ex rel.*, 168 Ind. 180, 80 N.E. 153; 16 C.J.S. 381, §138 (20) (b); 43 Am. Jur. 138, §345. In view of its infrequent sessions, its large membership, and the many diverse duties of a legislative body, such delegation has in some jurdictions been deemed desirable. The authority may be delegated to the Personnel Board, equivalent to our Commission, as has been done by statute in California. Civil Service Act of 1945, Government Code, §18,800. Or the authority may be delegated to the governor or to other personnel. But to whomever the authority may be delegated, it is still subject to the limitation imposed by the amendment. Compensation must be made appurte-

nant to class and grade as established by the Commission and the full authority of the Commission to classify and grade may not be undermined by fixing salaries separately for the employees of different departments or by any other device. The Assembly has authority to limit appropriation, but no authority thereby to change the salary of one or more employees from that established for the entire class and grade in which they are classified. Employees must be paid at the rate of such salary so long as they are employed and if the appropriation fails, then they must be dismissed in accordance with seniority rights. *Johnson v. People ex rel.*, 96 Colo. 175, 40 P. (2d) 615.

With the rights and duties under the amendment so construed, we believe the interrogations posed in the prayer of the complaint must be answered as follows:

(a) That the Assembly has the power and duty to fix the salaries for classes and grades set up by the Commission subject to right of veto by the Governor as in case of other legislation; that it has no power to fix the salaries of individuals other than by class and grade; that in any case where the legislature has delegated such authority to the Governor, the authority of the latter is equally limited to the fixing, approval or disapproval of salaries only by class and grade.

(b) That the Assembly has no authority to discriminate in regard to salaries between members of any class and grade as established by the Commission.

(c) That the state treasurer is required to pay salaries as fixed by legislative enactment or by any agency duly authorized by such enactment as to class and grade as set up by the Commission upon certification by the Commission of appointment pursuant to law as required by the amendment.

(d) That salaries must be fixed according to class and grade as established by the Commission and the determination of equality of service rests in its discretion.

In case of failure of the Assembly to appropriate sufficient funds for the account of any department for payment of the employees at the rate to which they are legally entitled, for a full biennium, the proper salary shall nevertheless be paid to all who are employed so long as funds are available and employees shall be dismissed, on failure of appropriation, in accordance with the Assembly's restrictions on its appropriation, and the order of seniority rights.

From these conclusions it follows that the judgment must be reversed and the case remanded for further proceedings in accordance herewith. It is so ordered.

MR. CHIEF JUSTICE KNOUS did not participate.