Mr. John W. Mathews, CPA Deputy State Auditor Office of State Auditor Suite 2410, 1660 Lincoln St. Denver, Colorado 80264
Dear Mr. Mathews:
QUESTION PRESENTED AND CONCLUSION
I am writing in reply to your July 15, 1977 letter and enclosures relating to the propriety of giving severance pay to executive directors.
 Termination pay for the heads of principal departments may be lawfully fixed by the governor, if within his existing appropriation, and until such time as the legislature either fixes the compensation for those positions or otherwise specifically prohibits such termination payments.
ANALYSIS
The pertinent statutory authority for the fixing of compensation for heads of departments is found in 24-2-103, C.R.S. 1973, as amended, which reads, in part, as follows:
 The heads of principal departments and other officers and employees, if exempt from the state personnel system, shall receive such compensation as fixed by legislative enactment or, in the absence of such enactment, as fixed by the governor in the case of heads of principal departments and as fixed by the head of the principal department with the approval of the governor in the case of officers and employees under the department . . . . In any case where a head of a principal department . . . receives compensation as fixed pursuant to law, such head . . . shall receive no compensation or fees in addition thereto . . . .
The legislature has remained silent as to limits or restrictions regarding compensation to be fixed for heads of principal departments, this determination having been delegated to the governor as within the power of the legislature (See Vivianv. Bloom, 115 Colo. 579, 117 P.2d 541 (1947).
Further, authority to fix such compensation would include "termination pay." The language of 24-2-103, supra, provides: ". . . such compensation . . . as fixed by the governor . . .", the term "compensation" meaning ". . . pay for doing all that may be required of the official, whether it is in the form of a fixed salary, or fees, or commissions ofperquisites of whatsoever character." (cf. 63 Am. Jur. 2nd, Public Officers and Employees, section 360 (1972). (Emphasis added).
It must be noted that Article V, Section 28 of the Colorado Constitution prohibits the passage of any bill ". . . giving any extra compensation to any public officer . . . after services shall have been rendered or contract made . . . ." Thus, the governor must provide such termination payments from within his own budget. No appropriation for such payments could be constitutionally obtained.
SUMMARY
Based upon the foregoing, it is my opinion that termination pay for the heads of principal departments may be lawfully fixed by the governor, if within his existing appropriation, and until such time as the legislature either fixes the compensation for those positions or otherwise specifically prohibits such termination payments.
Very truly yours,
 J.D. MacFARLANE Attorney General
SALARIES EXECUTIVE BRANCH
C.R.S. 1973, 24-2-103
Colo. Const. art. V, § 28
LEGISLATIVE BRANCH Auditor, Office of State
The governor may pay termination pay to the heads of the principal departments, if such payments are made from his own budget.