M. Eileen Persichetti Administrator State Personnel Board 1525 Sherman #617 Denver, CO 80203-1773
Dear Ms. Persichetti:
I am writing in response to your request of September 28, 1982, for a formal legal opinion as to whether or not the State Personnel Board has jurisdiction over appeals of non-implementation of occupational studies.
QUESTION PRESENTED AND CONCLUSION
Your inquiry raises the following question:
Does the State Personnel Board have jurisdiction to review the Governor's decision, in accordance with C.R.S. 1973, 24-50-104(5)(e) (1982 repl. vol. 10), not to implement an occupational study conducted by the Department of Personnel?
 My conclusion is no. The State Personnel Board lacks jurisdiction to review the Governor's decision, pursuant to C.R.S. 1973, 24-50-104(5)(e) (1982 repl. vol. 10), not to implement an occupational study conducted by the Department of Personnel.
ANALYSIS
The State Department of Personnel ("department") conducts occupational studies to determine whether classes should be reassigned. If implemented in accordance with C.R.S. 1973,24-50-104(5)(e) (1982 repl. vol. 10), such studies may result in the "assignments or reassignments of classes to pay grades, salary rates, or salary ranges required by the creation of new positions or any duly authorized reorganization or change in work method. . . ." Such assignments or reassignments are implemented, with the approval of the Governor, on July 1 of each year. It is the opinion of this office that the Governor's decision not to implement a study is not reviewable by the State Personnel Board ("board").
Both the board and department are created by the state constitution. The limits of the board's authority in relation to the Governor and general assembly have not been fully explored since the enactment of Colo. Const. art. XII, secs. 13 through15, effective July 1, 1971. The Colorado Supreme Court, however, did analyze the provisions of the prior constitutional provision which affected the rights of what are now Personnel employees inVivian v. Bloom, 115 Colo. 579, 177 P.2d 541 (1947). The relevant portions of the prior article XII, section 13, added in November 1918, are almost identical to those subsections of the present constitutional provisions. Two paragraphs of old article XII, section 13, read in pertinent part:
 Persons in the classified service shall hold their respective positions during efficient service and shall be graded and compensated according to standards of efficient service which shall be the same for all persons having like duties.
 The making and enforcement of rules to carry out the purpose of this amendment and of the laws enacted in pursuance hereof . . . (including) the standardizations of all positions . . . shall be vested in the commission.
It was this language which the supreme court relied on in deciding Vivian. That case concerned the power of the general assembly to set the salaries of classified employees. In holding that the legislature could not set the salaries of individual employees but only the salary of each class and grade as determined by the civil service commission (now Personnel Board), the court found that "the commission is a body of special and limited jurisdiction with no power except such as the laws of its creation have given it." 177 P.2d at 543. The general assembly has all other powers.
Vivian made it clear that it is the commission or board which classifies employment. The court ruled that:
 The Commission is required to standardize. This can only mean to set up standards by means of which classes and grades of employment can be prepared and graded; standards by which the fair and relative compensation for different classes and grades can be determined.
177 P.2d at 544. Although it is the commission's or board's power to fix classes and grades, the court found that the Governor was authorized to approve or disapprove salaries by grade and class.177 P.2d at 545.
The question before us is whether the present statutory or constitutional provisions authorize the board to review the Governor's non-implementation of an occupational survey. Section24-50-104(5) outlines the procedures that the department must follow in conducting the salary and fringe benefit survey used to determine salary increases for the fiscal year to begin the next July 1. Subsection (5)(c) provides affected employees with the right to petition the board to review the key classes, relationships, methodology and salary recommendations of the department which are forwarded to the Governor and to the joint assembly for implementation in accordance with subsection (5)(e). Unlike occupational studies, the salary survey recommendations of the department are automatically implemented.
It is the opinion of this office, expressed in the attached formal legal opinion of September 24, 1982, to Steven V. Berson, executive director, Department of Personnel, that neither the Governor nor the general assembly can modify the Personnel director's salary survey recommendations. As discussed more fully in the September 24, 1982 opinion, affected persons may petition the board to review the department's salary and fringe benefit recommendations in accordance with subsection (5)(c).
The board lacks the authority to review the Governor's non-implementation of occupational studies for several reasons. First, subsection (5)(e) does not provide for the board to review the Governor's decision. The board only is authorized to review a final action of the department, both pursuant to subsection (5)(c) and section 24-50-103(6) (1982 repl. vol. 10). Second, in accord with Vivian, the board's powers are restricted to those found in the Colorado Constitution at article XII, sections 13 through 15, and laws enacted in accordance with those provisions. Article XII, section 13(8), states in pertinent part that "persons in the personnel system . . . shall be graded and compensated according to standards of efficient service which shall be the same for all persons having like duties." Article XII, section 14(3), adds that "the state personnel board shall adopt . . . rules to implement (the constitution) and laws enacted pursuant thereto . . . concerning standardization of positions. . . ." The general assembly enacted sections 24-50-103
and 104 in accord with those constitutional provisions. The Personnel Board also has adopted rules and regulations pursuant to the constitution and those laws. In particular, board rule 3-1-2(C) reads:
 Any assignments or reassignments of classes to pay grades, salary rates, or salary range required by the creation of new positions or any duly authorized reorganization or change in work methods shall be made effective, with the approval of the Governor, the following July 1.
Underlining added. This language mirrors the language of section24-50-104(5)(e) which authorizes the Governor to approve or reject the implementation of an occupational study. Implicit in this recognition is the board's lack of review power over the Governor's action. This opinion does not address the issue of whether the Governor's approval of an occupational study is reviewable by the board.
SUMMARY
In conclusion, it is my opinion that the State Personnel Board lacks jurisdiction to review the Governor's decision, pursuant to C.R.S. 1973, 24-50-104(5)(e) (1982 repl. vol. 10), not to implement an occupational study conducted by the Department of Personnel.
Very truly yours,
 J.D. MacFARLANE Attorney General
EMPLOYEES, PUBLIC GOVERNOR SALARIES
C.R.S. 1973, 24-50-104(5)(c) C.R.S. 1973, 24-50-104(5)(e)
Colo. Const. art. XII, § 13(8) Colo. Const. art. XII, § 14(3)
PERSONNEL, DEPT. OF State Personnel Bd.
The State Personnel Board lacks jurisdiction to review the Governor's decision, in accordance with C.R.S. 1973, 24-50-104(5)(e), not to implement an occupational study conducted by the Department of Personnel.