<hr />

Timothy **FOGEL**,
Complainant–Appellant,

v.

**COLORADO STATE HOSPITAL and State Personnel Board**,
Respondents–Appellees.

No. 88CA0240.

Colorado Court of Appeals,
Div. III.

July 13, 1989.

George C. Price, P.C., George C. Price, Douglas J. McGinty and Craig H. Russell, Denver, for complainant-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Stacy L. Worthington, Asst. Atty. Gen., Denver, for respondents-appellees.

RULAND, Judge.

Timothy Fogel appeals from an order of the State Personnel Board determining that it lacked jurisdiction to consider his termination as chief of surgery for the Colorado State Hospital (C.S.H.). We affirm.

Fogel was employed by C.S.H. as a surgeon on a part-time basis from July 1960 until May 15, 1980. On that date he was designated as the full-time chief of surgery and placed on probationary status as a state employee. Following his designation as a probationary state employee, Fogel requested a leave of absence for pay purposes, effective July 1, 1980. The basis for this request was his appointment as a "Senior Instructor" by the University of Colorado and the payment of his salary by the University pursuant to a "Memorandum of Understanding" between the University and the Department of Institutions. Fogel's salary from the University was substantially in excess of that authorized for physicians certified as state employees.

Notwithstanding his prior leave of absence, sometime after November 19, 1980, Fogel's probationary status was terminated and he was certified as a state employee at the level of "Physician V." Fogel performed the same duties as chief of surgery for C.S.H. under the agreement with the University that he would have performed as a Physician V.

In 1986, following complaints about his conduct toward staff and patients, a hearing before the hospital credentials committee was held. The credentials committee voted to revoke Fogel's surgical privileges and medical staff membership.

Fogel appealed to the State Personnel Board, alleging that his due process rights as a certified state employee had been violated. A hearing was conducted only on the issue of whether the Board had jurisdiction to review Fogel's appeal. The hearing officer determined that Fogel was an "exempt" employee and that, therefore, the Board had no jurisdiction. The hearing officer's initial decision was affirmed by the Board.

Fogel asserts that on the date of his termination at C.S.H., he was a certified state employee on leave of absence without pay. Fogel further contends that he did not relinquish his certified state employee status when he accepted the Senior Instructor position with the University. We disagree.

The Memorandum of Understanding between the Department and the University provided that the University would provide faculty physicians to C.S.H. and Fort Logan Medical Center. While the Memorandum provided that the designated physicians were not in "tenure track positions," they were eligible for all faculty benefits. In return, the Department agreed to maintain accreditation for residency programs and to pay the University for the physicians' services. Thus, the University was, in effect, a conduit through which physicians were paid more competitive salaries than those available through the state personnel system. This type of agreement was eventually approved by the General Assembly in 1987. *See* § 27–13–103, C.R.S. (1988 Cum.Supp.).

Certified employees in the personnel system must be compensated at rates which are the same for all persons with similar

duties. Colo. Const. art. XII, § 13(8). As a Physician V, the highest rate of annual pay available to Fogel as a certified state employee was $58,464 for fiscal year 1985–1986. *See* § 24–50–104(6), C.R.S. (1988 Repl. Vol. 10B). As a "faculty" member at the University, Fogel's salary exceeded this amount by nearly $22,000.

The parties argue extensively concerning the legal effect of Fogel's leave of absence for pay. We do not reach that issue. In our view, the dispositive issue is whether Fogel can retain rights guaranteed certified state employees under the state personnel system even though his compensation for performing the services of a certified employee exceeds that authorized by law. We think not.

Even assuming that Fogel did not acquire an exempt status by reason of his designation as a "Senior Instructor" for the University, *see* Colo. Const. art. XII, § 13(2), or because of his failure to apply for re-certification as a Physician V after his six-year leave of absence, *see* § 24–50–137, C.R.S. (1988 Repl.Vol. 10B), we conclude that to accord him the status of a certified state employee would violate an express requirement of the Constitution. Colo. Const. art. XII, § 13(8). The net effect of such a conclusion would be to thwart the mandate of the electorate concerning one of the basic precepts of state employment, namely, that state employees performing similar duties receive the same compensation. *See Vivian v. Bloom,* 115 Colo. 579, 177 P.2d 541 (1947). This we may not do. *See Colorado State Civil Service Employees Ass'n v. Love,* 167 Colo. 436, 448 P.2d 624 (1968).

The order is affirmed.

CRISWELL and NEY, JJ., concur.