QUESTIONS PRESENTED AND CONCLUSIONS
1. Is it permissible to establish pay schedules for temporary hires different than those used for classified employees in the same job classification?
Yes.
2. Is it permissible to establish one broad range for all temporary employees (e.g. minimum wage to statutory salary lid) and allow employers to pay such employees to any salary within this range based on their perception of job worth and local prevailing salary practices?
Yes.
ANALYSIS
The state personnel system is comprised of all appointive public officers and employees of the state with specified exceptions. Colo. Const. art. XII, § 13(2). Article XII, § 13(1) requires that "[a]ppointments to offices and employments in the personnel system of the state shall be made according to merit and fitness, to be ascertained by competitive tests of competence . . . ."
This provision serves the purpose of promoting "the efficiency of civil service by employing and advancing only those persons who have demonstrated qualification through testing.Colorado Ass'n of Public Employees v. Lamm,677 P.2d 1350, 1359-60 (Colo. 1984). These sections predicate admission to the classified personnel system upon examination.
 The application of the [civil service] law extends only to those who have taken an examination and thereby showed the necessary qualifications . . . ."
Shinn v. People, 59 Colo. 509, 149 P. 623, 625 (1915). This interpretation is supported by the distinction between temporary and permanent employment made by the separate authorization of temporary employment in the Constitution. Colo. Const. art. XII, § 13(8); Neoplan USA Corp. v.Industrial Claim Appeals Office, 778 P.2d 312
(Colo.App. 1989).
Separate provision for various terms and conditions of temporary employment[1] has been made by rule and statute. Since temporary employees are not certified to their position or class, they are not entitled to any of the tenure protections provided to persons in the state personnel system. Colo. Const. art. XII, § 13(8); § 24-50-114, C.R.S. (1988). Further distinctions have been made by procedures promulgated by the Director for leave. For on the job injuries, temporary employees have been limited to worker's compensation, P6-1-6, 4 C.C.R. 801-2 (11-86), p. 64. They are not entitled to family leave P7-4-12, 4 C.C.R. 801-2 (6-91), p. 66.19a, and receive limited court leave, P7-4-6, 4 C.C.R. 801-2 (6-91), p. 66.16.
Although "equal salaries" must be paid for all employees in the state personnel system "having like classification,"Vivian v. Bloom, 115 Colo. 579, 177 P.2d 541, 545
(1947), I conclude that temporary employees are not in the state personnel system since they have not been appointed on the basis of an examination "according to merit and fitness." Colo. Const. art. XII, § 13(1), Therefore, the State Personnel Director may set salaries for temporary employees separately from the salaries of employees in the state personnel system using either of the methods proposed.
SUMMARY
The Civil Service Amendment does not prohibit setting salaries for temporary employees separately from salaries of employees appointed by examination.
 GALE A. NORTON Attorney General
 MICHAEL P. SERRUTTO Assistant Attorney General
EMPLOYEES, PUBLIC SALARIES HOURS OF WORK
§ 24-50-114(1), C.R.S.
Colo. Const. art. XII, § 13(8)
PERSONNEL, DEPT. OF
Temporary employees may be compensated from separate salary steps or pay plans.
[1] A "temporary employee" is an individual appointed to either a permanent position and entitled to provisional status, P6-1-5, 4 C.C.R. 801-2 (11-86) or to a non-permanent position and entitled to temporary status under P6-1-6, 4 C.C.R. 801-2 (11-86).