QUESTION PRESENTED AND CONCLUSION
May the salaries paid to employees in the Colorado state personnel system differ according to the geographical location of the work assignment?
No. The Colorado Constitution prohibits consideration of geographical location in setting base pay ranges for like duties so classified. The Constitution does not prohibit the passage of laws that permit additional reimbursement to employees above base salary in consideration of particular employment circumstances.
ANALYSIS
The question presented is a variation of a question propounded to a previous Attorney General. In response to the question, "May the salaries paid to employees under the Colorado state personnel system differ according to geographic region?", Duane Woodard concluded they could not. Op. Att'y Gen. (Feb. 16, 1983, 1983 WL 167519.).
The Colorado Constitution provides that persons in the state personnel system "shall be graded and compensated according to standards of efficient service which shall be the same for all persons having like duties." Colo. Const. Art. XII, § 13(8). Each employee is compensated through his or her base pay, defined by the Personnel Board Rules, 4 CCR 801-1, R 12-1-4 (9-93) as an employee's monthly or hourly rate of pay, excluding shift differential, on call, overtime, call back, and other types of premium pay.
The statutory and regulatory framework for the personnel system observes the constitutional mandate of equal pay for equal work by requiring classification and compensation based upon the nature, rather than location, of the work. See,e.g., § 24-50-104(3)(c), C.R.S. (1988) (positions having comparable duties and responsibilities shall be grouped into classes subject to the same descriptive title); §24-50-103(3)(f), C.R.S. (1988) (the Personnel Director shall allocate individual positions to classes based on a clear evaluation of duties and responsibilities assigned by the appointing authorities).
Moreover, Colorado case law requires classifications of different positions within the state personnel system to be based on the nature of activities performed at work. A position consists of particularly defined duties and responsibilities.Dempsey v. Romer, 825 P.2d 44 (Colo. 1992); §24-50-104(3)(f), C.R.S. (1988). A class consists of one or more positions sufficiently similar in duties, responsibilities, complexity of tasks and required skill, knowledge and ability to justify the establishment of identical requirements of education and experience and the administration of identical competitive tests. Dempsey at 49; See also Vivian v.Bloom, 115 Colo. 579, 586, 177 P.2d 541, 544 (1947) (standards may include elements such as definition of position, typical tasks, minimum qualifications of experience and education, knowledge and abilities, personal characteristics and physical standards indicated, and responsibilities of the position).
Accordingly, classifications of like duties are determined solely by reviewing the activities performed on the job. Like duties do not take into account the specific location of the employment.[1] Therefore, the Colorado Constitution's mandate to pay employees the same for like duties does not allow paying some employees more or less than others in the same class solely because the job exists in a location where the cost of living is above or below other areas of the state.
This is not to say the state is precluded from paying additional consideration or reimbursing costs the state creates by restricting the temporal or geographic proximity between the employee's home and the job site. The constitution requires salary equality only in valuing the core duties actually performed.
Although the question of how to implement payments in excess of base salaries is beyond the scope of this opinion, it is noteworthy that a number of provisions address different mechanisms for such expenditures. Various statutes allow the Personnel Director or the State Controller to provide additional payments to meet differing circumstances in employment.See § 24-50-104(9), C.R.S. (1988 and 1995 Supp.) (Personnel Director sets premium pay and other fringe benefits);See also, § 24-30-202(22), C.R.S. (1988) (State Controller, with the approval of the Governor, authorizes perquisites). These statutes reflect the General Assembly's determination that the constitutional mandate of equal pay for similar work does not proscribe payment for employment conditions beyond core job duties. Statutes are presumed constitutional and are entitled to deference by the courts. In ReInterrogatories Relating to the Great Outdoors ColoradoTrust Fund, ___ P.2d ___ (Colo. 1996), 20 Brief Times Reporter 433 (Colo. 1996).
SUMMARY
The essential constitutional criterion of the same pay for like duties must be respected in salary structures for classified state employees when determining base pay. The basic level of compensation paid to employees with like duties may not vary according to the mere geographic location of the job. Any additional remuneration must be based upon factors other than the core job duties of the classification involved.
Sincerely,
 GALE A. NORTON Attorney General
 DAVID M. KAYE First Assistant Attorney General
 JOHN D. BAIRD Assistant Attorney General
EMPLOYMENT, COMPENSATION
[1] After the job is classified based on the activities performed, the overall base pay range is determined by referring to surveys which include consideration of employment outside the Denver metropolitan area, as well as to so-called internal alignment considerations (i.e., unique Colorado positions for which no pay data is available) § 24-50-104(5)(b)(I)(A), C.R.S (1995 Supp.). Thus, geography is taken into account generally in setting base salaries.