811 P.2d 31 (1991)
FRED SCHMID APPLIANCE & TELEVISION CO., the Denver Post Corporation, May Department Stores Co., d/b/a May D & F, and Treasure Chest Advertising Company, Inc., Petitioners,
v.
CITY AND COUNTY OF DENVER, a municipal corporation, and Alan N. Charnes, Manager of Revenue of the City and County of Denver, Respondents.
No. 90SC329.
Supreme Court of Colorado, En Banc.
May 6, 1991.
Rehearing Denied June 3, 1991.
Eiberger, Stacy, Smith & Martin, Rodney I. Smith, Roy A. Adkins, Paul F. Hodapp, Denver, for petitioners.
Patricia L. Wells, City Atty., Robert F. Strenski, Asst. City Atty., Donald E. Wilson, Denver, for respondents.
Justice ERICKSON delivered the Opinion of the Court.
We granted certiorari to review the unpublished opinion of the court of appeals in Fred Schmid v. City of Denver, No. 89CA0065 (Colo.App. April 1, 1990), which held that administrative remedies must be exhausted before a declaratory judgment action may be filed to determine whether a conflict in procedures for administrative review set forth in the Denver Municipal Code and the Colorado Revised Statutes renders Denver's procedure unconstitutional. We reverse and remand with directions.

I
Between November 1987 and June 1988, Denver assessed sales and use taxes against Fred Schmid Appliance and Television Co., The Denver Post Corporation, May Department Stores Co., and Treasure Chest Advertising Co., Inc., (taxpayers) for the use and sale of preprinted newspaper advertising inserts. Denver Revised Municipal Code §§ 53-56 (sales tax) and 53-124 (use tax). The taxpayers filed petitions for cancellation of the assessments and requested an administrative hearing.
*32 The taxpayers assert that the Denver ordinance and the state statute provide different methods for challenging sales and use tax assessments. The state statutory procedure provides for three de novo reviews of an assessment: a nonbinding informal hearing before the local manager of revenue, an optional appeal review of that decision by the Executive Director of the Colorado Department of Revenue, and a judicial review of any administrative determinations after the administrative process is exhausted. Section 29-2-106.1(2)(a) & (b), 12A C.R.S. (1986). The procedure under the Denver ordinance is more restrictive and only permits review of the local revenue manager's decision by the district court, and, "notwithstanding the provisions of section 29-2-106, C.R.S., the standard of review by the district court shall be to determine only whether the manager has exceeded the jurisdiction or abused the discretion vested by this article in such office." Denver Revised Municipal Code §§ 53-56 and 53-124.
The taxpayers assert that the General Assembly, in enacting the statute in 1985, expressly found that the resolution of sales and use taxes is a matter of statewide concern and determined the procedure that should be applied uniformly throughout the state. Section 29-2-106.1(1). Denver contends that the statutory procedure is unconstitutional and has no application because Denver is a home rule city. Colo. Const. art. XX. Denver claims that the city council properly enacted the procedural provision in sales and use tax ordinances providing that, notwithstanding section 29-2-106.1, all appeals of sales and use tax assessments shall be governed by the Municipal Code and C.R.C.P. 106(a)(4).
The taxpayers filed suit for an injunction and sought a declaratory judgment in order to determine whether the procedures set forth in the statute or those in the city ordinance governed their respective protests to the sales and use tax assessments. The taxpayers contend that the procedure for administrative review set forth in the Denver ordinance conflicts with the procedure required by statute and is unconstitutional.[1] The taxpayers did not contend that the sales and use tax was unconstitutional.
Denver filed a motion to dismiss the declaratory judgment action, alleging that the taxpayers failed to exhaust their administrative remedies. The district court granted Denver's motion and held that since the taxpayers might convince the city manager that they owed no taxes, the court did not have jurisdiction to decide the constitutionality of the city ordinance. The court of appeals affirmed, citing Colorado Health Facilities Review Council v. District Court, 689 P.2d 617, 621 (Colo.1984), for the rule that "courts will not interfere with agency proceedings until the agency has taken final action." The court of appeals concluded that because it is not the function of courts to adjudicate administrative orders in the absence of a showing that a judgment, if entered, would afford taxpayers relief, the taxpayers were required to exhaust their administrative remedies before they could challenge the constitutionality of Denver's ordinance.

II
The issue is whether a party challenging the constitutionality of an administrative procedure must first complete administrative review before seeking a declaratory judgment. We do not address or decide whether Denver, as a home rule city under article XX of the Colorado Constitution, may enact a procedure for administrative review of city sales and use tax assessments that is substantially different from the state procedure for administrative review of state sales and use tax assessments, which the General Assembly has declared to be of statewide concern.

A
Denver contends the taxpayers are seeking a declaratory judgment on a quasi-legislative *33 decision of an administrative agency, and that a court has no jurisdiction to review quasi-legislative decisions of an agency, but may only review quasi-judicial decisions. See State Farm Mutual Auto. Ins. Co. v. City of Lakewood, 788 P.2d 808, 813 (Colo.1990).[2] In the declaratory judgment action, the issue did not involve whether there was a quasi-judicial or quasi legislative decision, but instead centered on the validity of the administrative proceedings enacted by Denver.
Denver further contends that both the General Assembly and the Denver City Council intended that the taxpayers exhaust all administrative remedies before seeking judicial review of an agency decision. Section 29-2-106.1; Denver Revised Municipal Code §§ 53-56 and 53-124. The intent of the General Assembly and the Denver City Council are not relevant to the resolution of this case since the taxpayers are not seeking a review of a decision made by the agency, but are challenging the constitutionality of the procedure available to the taxpayer to review the agency's decision.

B
In Hamilton v. City of Denver, 176 Colo. 6, 11-12, 490 P.2d 1289, 1292 (1971), we held that state employees challenging the constitutionality of the application of Denver's city occupation and privilege tax need not exhaust their administrative remedies because the issues in the case were purely questions of law, and that the manager of revenue's "presumed expertise would not be helpful in resolving legal as distinguished from factual issues." See also Collopy v. Wildlife Comm'n, 625 P.2d 994, 1006 ("The principal justification for the exhaustion doctrine ... becomes less persuasive... when the matter in controversy raises questions of law rather than issues committed to administrative discretion and expertise.").
We have also held that a party is not required to exhaust its administrative remedies when the administrative agency does not have the "authority to pass on the question raised by the party seeking judicial action."[3]Gramiger v. Crowley, 660 P.2d 1279, 1281 (Colo.1983). Because an administrative agency cannot pass upon the constitutionality of the legislation under which it acts, Kinterknecht v. Industrial Comm'n, 175 Colo. 60, 485 P.2d 721 (1971); Lucchesi v. State of Colorado, No. 89CA0967 (Colo.App. July 5, 1990), a party seeking review of the constitutionality of an agency's enabling legislation need not exhaust its administrative remedies. See Bonacci v. City of Aurora, 642 P.2d 4, 7 (Colo.1982) (declaratory relief proper when petitioner challenged constitutionality of amendment to city ordinance, not the action of the agency).
We therefore return this case to the court of appeals with directions to remand to the district court for a hearing to determine whether the conflict between the Denver Municipal Code and the Colorado Revised Statutes renders Denver's ordinance governing administrative review unconstitutional.
QUINN, J., dissents, and VOLLACK and MULLARKEY, JJ., join in the dissent.
Justice QUINN dissenting.
I respectfully dissent from the court's holding that under the circumstances of this case the taxpayers, prior to exhausting their administrative remedies, are entitled to a declaratory judgment on the constitutional validity of Denver's administrative *34 procedures for challenging sales and use tax assessments.
Subject to narrow exceptions, we have adhered to the principle that a court lacks jurisdiction to grant judicial relief to a party involved in administrative proceedings when adequate administrative remedies are available to the party and such remedies have not been utilized by the party challenging the administrative process. E.g., Colorado Health Facilities Review Council v. District Court, 689 P.2d 617, 622 (Colo.1984); Gramiger v. Crowley, 660 P.2d 1279, 1281 (Colo.1983); State Personnel Bd. v. District Court, 637 P.2d 333, 335 (Colo. 1981). This salutary requirement of exhaustion of administrative remedies prevents piecemeal interference by the judiciary in the administrative process and prevents judicial encroachment on the executive functions of government. Moschetti v. Liquor Licensing Authority of Boulder, 176 Colo. 281, 285, 490 P.2d 299, 301 (1971). We have made exceptions to the exhaustion requirement in narrowly defined circumstances where declaratory relief would avoid a multiplicity of actions and the issues involve a question of law beyond the competency or jurisdiction of the administrative agency, Hamilton v. City and County of Denver, 176 Colo. 6, 11, 490 P.2d 1289, 1294 (1971), and where the parties would suffer " `irreparable injury' and the agency action is `clearly beyond the constitutional or statutory jurisdiction or authority of the agency,' " Colorado Health Facilities Review Council, 689 P.2d at 622. The mere fact that a declaratory action is based on a constitutional challenge to the administrative procedures does not provide a warrant for judicial interference with an administrative agency in advance of final agency action. State Personnel Bd., 637 P.2d at 334.
There is no justification in this case to allow the taxpayers to dispense with the exhaustion requirement. The Denver Municipal Code provides taxpayers with adequate administrative remedies for challenging sales and use tax assessments. Section 53-50 of the Municipal Code states as follows:
The manager shall notify the petitioning retailer claiming an error in assessment... in writing of the time and place within the city fixed for hearing at least thirty (30) days prior thereto. After such hearing, at which the manager is authorized to administer oaths and take evidence, and hear argument, the manager shall enter findings and make such order in the matter as is proper and furnish a copy to the taxpayer. Said findings and order shall constitute final decision of the manager in the matter.
Section 53-56 of the Municipal Code provides:
Should the taxpayer be aggrieved by the final decision of the manager, the taxpayer may proceed to have the same reviewed under Colorado Rule of Civil Procedure 106(a)(4), or such similar procedure for the issuance of a writ in the nature of certiorari, only by the district court for the second judicial district of the state. The petition or complaint for review by the district court must be filed within thirty (30) days from the entry of the manager's decision and shall be the exclusive remedy to review the decision. Court proceedings shall be governed by the Colorado Rules of Civil Procedure as amended from time to time. Any party, including the city, may appeal the decision of the administrative tribunal and, also, the decision of the district court, using all appellate and extraordinary proceedings available. Unless otherwise provided by the Colorado Rules of Civil Procedure, and notwithstanding the provisions of section 29-2-106.1 C.R.S., the standard of review by the district court shall be to determine only whether the manager has exceeded the jurisdiction or abused the discretion vested by this article in such office.
To be sure, these municipal procedures are different in many significant respects from the procedures authorized by statute. The statutory scheme, for example, permits a taxpayer challenging a sales or use tax assessment to elect an informal hearing before the local government and then, upon exhaustion of local remedies, to request a review by the executive director of the *35 department of revenue. § 29-2-106.1(2)(b), (2)(c)(I) and (3)(a), 12A C.R.S. (1986). The statutory scheme, specifically section 29-2-106.1(3)(b), 12A C.R.S. (1986), permits a taxpayer to appeal a decision of the executive director to the district court in the manner provided in section 39-21-105, 16B C.R.S. (1982). This latter section authorizes a trial de novo in the Denver District Court in accordance with the Colorado Rules of Civil Procedure and places on the taxpayer the burden of proof with respect to the issues raised in the notice of appeal, except issues relating to fraud and an intentional evasion of the tax. Although the municipal procedures do not allow the taxpayer to exercise the same options permitted under the statute, the procedures authorized by the municipal code do provide the taxpayers with a complete, adequate, and speedy process for the resolution of protests to sales and use tax assessments. In light of the availability and efficacy of these procedures, there is no basis in this record to support a claim that the taxpayers would somehow be irreparably injured if required to exhaust their administrative remedies.
The taxpayers' protests filed with the manager of revenue raise fact-specific issues clearly within the competence and authority of the manager to resolve. Although the question relating to the alleged primacy of the taxpayers' statutory remedies over the remedies authorized by the Denver Municipal Code is a matter beyond the jurisdiction of the manager, that issue would be rendered moot by an administrative decision in favor of the taxpayers on their respective protests to the assessments. Even if the taxpayers lose on that issue, there clearly would be a final administrative decision on which the taxpayers could seek judicial review of their constitutional challenge to the administrative procedures as well as the validity of the tax assessments. Requiring the taxpayers to exhaust their administrative remedies, therefore, might well avoid an unnecessary decision on a constitutional question. More importantly, the application of the exhaustion rule to the circumstances of this case precludes needless disruptions of administrative proceedings in derogation of the manager of revenue's performance of his assigned task.
Preempting an administrative proceeding whenever a party alleges a nonfrivolous constitutional question produces the very interference with the administrative process that the exhaustion doctrine is designed to prevent. See Ticor Title Ins. Co. v. F.T.C., 814 F.2d 731, 739-43 (D.C.Cir.1987) (Edwards, J., separate opinion). If the history of this case shows anything, it demonstrates the practical utility of, and the need for, the exhaustion requirement. The taxpayers' disregard of the administrative process has spawned a multiplicity of judicial proceedings without any effective resolution of the validity of the sales and use tax assessments. After the taxpayers protested the sales and use tax assessments with the manager of revenue, they requested a continuance of the administrative hearing. The hearing officer continued the hearings and, before any consideration could be given to consolidating the hearings, the taxpayers filed a petition for declaratory relief in the district court. The district court dismissed the taxpayers' complaint due to their failure to exhaust administrative remedies, and the taxpayers then appealed the judgment of dismissal. The court of appeals upheld the judgment, again relying on the exhaustion requirement. This court subsequently granted the taxpayers' petition for certiorari and now holds that the case should be remanded to the district court for a hearing to determine the merits of the taxpayers' constitutional challenge to the administrative procedures authorized under the Denver Municipal Code. Whatever decision the district court reaches on that issue will not resolve the validity of the taxpayers' protest to the sales and use tax assessments.
I would accordingly affirm the judgment of the court of appeals.
I am authorized to say that Justice VOLLACK and Justice MULLARKEY join in this dissent.
NOTES
[1] Such a ruling differs from one that would overturn the substantive result of an administrative determination, which would clearly require exhaustion and finality of that process before a court would have jurisdiction. See State Personnel Bd. v. District Court, 637 P.2d 333 (Colo.1981).
[2] Denver points out that Collopy v. Wildlife Commission, 625 P.2d 994, (Colo.1981), Toncray v. Dolan, 197 Colo. 382, 593 P.2d 956 (1979), Colorado State Board of Optometric Examiners v. Dixon, 165 Colo. 488, 440 P.2d 287 (1968), and Colorado-Ute Electric Association, Inc. v. Air Pollution Control Commission, 648 P.2d 150 (Colo.App.1981), all cited by the taxpayers, address a review of a quasi-judicial decision by an agency. We find that irrelevant for the purposes of resolving whether administrative remedies would be exhausted prior to a constitutional challenge.
[3] Cf. People ex rel. Orcutt v. District Court, 167 Colo. 162, 445 P.2d 887 (1968) (petitioner must exhaust administrative remedies before he may file a writ of prohibition under C.R.C.P. 106).