Carmen G. RUYBAL–MASIAS, Richard D. Travis, and Brenda Watson, Plaintiffs–Appellants,

v.

DEPARTMENT OF PERSONNEL, and André N. Pettigrew, Executive Director, in his official capacity, Defendants–Appellees.

No. 97CA1702.

Colorado Court of Appeals, Div. II.

Jan. 21, 1999.

Vonda G. Hall, Denver, for Plaintiffs–Appellants.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Jeannette W. Kornreich, Assistant Attorney General, Denver, for Defendants–Appellees.

Opinion by Judge VOGT.

Plaintiffs, Carmen G. Ruybal–Masias, Richard D. Travis, and Brenda Watson, appeal the dismissal of their complaint against defendants, the Colorado Department of Personnel (Department) and André N. Pettigrew, its Executive Director (Director). We reverse and remand for further proceedings.

Plaintiffs are employees of the Colorado Department of Human Services, classified as Clinical Behavioral Specialists II. In the early 1990s, the Director undertook a two-part program to evaluate categories of employment in the state personnel system and to allocate the positions of classified employees to various classes. Employees were provided with notice of their classifications and an opportunity for administrative and judicial review.

Plaintiffs appealed the allocation of their positions, but their appeals were dismissed for reasons not set forth in the record.

Beginning in 1995, plaintiffs sent letters to the Department, contending that they were performing the same duties as employees classified as Psychologist I but were receiving some 35% less pay, in violation of the requirement of Colo. Const. art. XII, § 13(8) that state employees be "graded and compensated according to standards of efficient service which shall be the same for all persons having like duties." Plaintiffs also asked that the Department explore the possibility of expanding the Clinical Behavioral Specialist class to include a third level.

In October 1996, plaintiffs petitioned the Director to investigate the issue of equal pay for equal work as it pertained to their classification, and to consider expanding the Clinical Behavior Specialist series to a third level. The Director responded by reiterating the Department's position that it would not revisit the equal pay for equal work issue. He then informed plaintiffs that the Department had already created a Clinical Behavioral Specialist III level, and recommended that, in light of the Department's previous responses and the creation of the new class, they request that their employing agency review their positions.

Plaintiffs filed a complaint for judicial review of the Director's decision and for declaratory and mandamus relief. They again asserted that the discrepancy between their pay and that of the Psychologist I class violated their constitutional rights, and also claimed that they had not received notice of their rights in connection with the creation of the new Clinical Behavioral Specialist III level.

Defendants moved to dismiss based on plaintiffs' failure to exhaust administrative remedies. The trial court granted defendants' motion, finding that it had no jurisdiction to review the Director's decision because plaintiffs had not exhausted the administrative remedies set forth in § 24–50–104, C.R.S.1998.

On appeal, plaintiffs argue that the trial court erred in dismissing their complaint for failure to exhaust administrative remedies. We agree.

As a general rule, a plaintiff in a civil action must first have pursued available administrative remedies before filing suit. If adequate administrative remedies are available but were not exhausted, the court is without jurisdiction to hear the action. *See State v. Golden's Concrete Co.,* 962 P.2d 919 (Colo.1998); *United Airlines, Inc. v. City & County of Denver,* 975 P.2d 1139 (Colo.App. 1998).

A principal reason for the exhaustion doctrine is to prevent piecemeal application of judicial relief and unwarranted interference by the judiciary in the administrative process. *Horrell v. Department of Administration,* 861 P.2d 1194 (Colo.1993). Further, the doctrine enables an agency to make initial determinations on matters within its expertise. *State v. Golden's Concrete Co., supra.*

However, exhaustion of administrative remedies is not required where the remedies set forth in the relevant statute are not adequate in light of the relief sought. *Horrell v. Department of Administration, supra.* Moreover, the exhaustion doctrine will not preclude resort to the courts where it is clear that requiring further administrative review would be futile. *See State v. Golden's Concrete Co., supra; Anderson v. Board of Adjustment,* 931 P.2d 517 (Colo.App. 1996)(where plaintiffs had notice of administrator's interpretation of the pertinent law, requiring them to await another and different answer on the same question would have been an exercise in futility).

Here, the pay equity claim raised by plaintiffs involved initial determinations on matters within the defendants' expertise and thus was appropriately addressed to the defendants in the first instance. *See State v. Golden's Concrete Co., supra.* Consequently, the issue is not whether plaintiffs were required to seek administrative review of their claim, but whether they in fact exhausted their administrative remedies.

Plaintiffs assert that their request to the Director for review of their pay equity claim satisfied the requirements of the exhaustion doctrine because it permitted defendants to apply their expertise, and that no further administrative relief was available after the Director declined to revisit the Department's position regarding appropriate pay for the Clinical Behavioral Specialist II and Psychologist I classes.

Defendants, on the other hand, contend that plaintiffs were not entitled to invoke the Director's general investigatory powers under the State Personnel Board Policy 10–1(D), 4 Code Colo. Reg. 801–1, where statutory review procedures were available but not followed. Further, they assert that after receiving the Director's January 1997 response, plaintiffs were required to do as the Director recommended—*i.e.,* request that their employing agency reconsider the allocation of their positions and then seek review of any unsatisfactory response in accordance with § 24–50–104(3)(g), C.R.S.1998.

To resolve the issue presented here, we must determine whether the statute cited by defendants affords plaintiffs an adequate remedy in light of the relief they sought. *See Horrell v. Department of Administration, supra.*

Section 24–50–104(3)(g) permits any employee directly affected by the allocation of a position to a class to appeal that allocation to the Director within ten days after notice of the allocation. The statute further provides

that the Director's decision on such appeal is subject to judicial review pursuant to § 24–4–106, C.R.S.1998.

The record does not indicate whether plaintiffs' previous appeal of the allocation of their positions was taken pursuant to § 24–50–104(3)(g); however, it is undisputed that plaintiffs were not proceeding in accordance with this statute when they asked the Director to review their pay equity claim. Rather, they asked the Director to "investigate the issue of equal pay for equal work" in accordance with Policy 10–1(D), which permits a petition to the Director for review and investigation of matters arising in the overall administration of the state personnel system where there is no provision for an individual appeal or grievance.

Although defendants argue that plaintiffs were not permitted to invoke the general investigatory powers of the Director under Policy 10–1(D) to circumvent statutory procedures for administrative review, the Director's response to plaintiffs' request did not indicate that proceeding according to Policy 10–1(D) was inappropriate. Instead, the Director simply indicated that the Department would not change its position regarding compensation for the Clinical Behavioral Specialist II and Psychologist I classes.

Of more importance, even if we assume plaintiffs would have been in a position to assert their claim within the ten-day period provided under the statute, § 24–50–104(3)(g) did not provide an adequate remedy for plaintiffs' pay equity claim. Although § 24–50–104(3)(g) permits individual employees to seek review of the allocation of their position to a class, plaintiffs were not challenging the decision to classify them as Clinical Behavior Specialists II. Rather, they were raising a constitutional challenge to the practice of paying their class less than was paid to another class that performed the same work.

As to *this* claim, it was not inappropriate for plaintiffs to proceed initially pursuant to Policy 10–1(D), rather than § 24–50–104(3)(g). Neither § 24–50–104(3)(g) nor the administrative procedural rules cited by defendants—which, like the statute, relate to requests by employees for review of their particular positions—provided a remedy for the asserted pay disparity that was the subject of plaintiffs' claim.

Moreover, once the Director announced his decision on the pay equity issue in response to plaintiffs' request, no further administrative review of that decision was available; *see* State Personnel Board Policy 10–4, 4 Code Colo. Reg. 801–1 (Board does not review Director's classification decisions). Because the Director's letter was clearly a final decision on the pay equity claim, it would have been futile to require the plaintiffs at that point to return to their employing agency, seek reconsideration of their positions, and then pursue appeal procedures as recommended in the letter. *See Anderson v. Board of Adjustment, supra.*

■ Plaintiffs' complaint also included a second claim asserting that the defendants did not give notice of the expansion of the Clinical Behavior Specialist class to include a third level, and did not timely advise them of their appeal rights under § 24–50–104(4), C.R.S.1998, in connection with this expansion.

Failure to give notice constitutes failure to act, and thus is within the definition of "agency action" in § 24–4–102(1), C.R.S.1998. Although defendants contest the merits of this claim, they do not cite any administrative avenues of review that plaintiffs should or could have exhausted prior to seeking judicial review of this agency action. Indeed, the defendants themselves point out that plaintiffs could not have sought administrative review of this claim under § 24–50–104(4)(d)(I), C.R.S.1998, because they were not "directly affected" by the new classification.

Accordingly, we conclude that this claim, like plaintiffs' pay equity claim, should not have been dismissed for failure to exhaust administrative remedies.

The judgment of dismissal is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

Judge CRISWELL and Judge CASEBOLT concur.